William L. McLaughlin, Jr., Esq.          Attorney for Plaintiff
Attorney I.D. No. 48307
**William L. McLaughlin Law Offices**
23 South Valley Road
P.O. Box 494
Paoli, PA 19301
610 644 4545

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KRISTEN M. LEONARD | CIVIL ACTION |
| 22 Fox Chase Circle | |
| Newtown Square, PA 19073-2405 | |
|     Plaintiff, | |
| | No. |
|         v. | |
| MONTGOMERY INSURANCE SERVICES, INC. | COMPLAINT |
| 330 West State Street | |
| Media, PA 19063-2616 | DEMAND FOR A JURY TRIAL |
|     Defendant. | |

**JURISDICTION**

Plaintiff, by and through her attorney, William L. McLaughlin, Jr., respectfully represents:

1. This is an action for damages incurred pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec 2000e et seq. ("Title VII"), for discrimination on the basis of gender.

2. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. Sec. 2000e et seq..

3. The offenses and discriminatory acts as presented below were and are being committed within the Eastern District of the Federal District Court in the Commonwealth of Pennsylvania.

4. The plaintiff has received a "Notice of Right to Sue" letter from the United States Equal Employment Opportunity Commission, demonstrating proper prior pursuit of this matter

through administrative channels. (Exhibit "A")

## COMPLAINT

## AND DEMAND FOR A JURY TRIAL

### PARTIES

5.   Plaintiff, Kristen M. Leonard, is an adult individual and citizen of the Commonwealth of Pennsylvania currently residing at 22 Fox Chase Circle, Newtown Square, Pennsylvania, 19073-2405.

6.   Defendant, Montgomery Insurance Services, Inc., is a Pennsylvania State Corporation and as such, a citizen of the Commonwealth of Pennsylvania and may be served at 330 West State Street, Media, Pennsylvania 19063-2616.

### STATEMENT OF FACTS

7.   On or about August 17, 1998, plaintiff began work for the defendant.

8.   Plaintiff was the only female producer in the company.

9.   During plaintiff's tenure with the defendant, she was treated differently from the other personal line producer with regard to commissions, car allowance and work environment.

10.   Plaintiff was discouraged from doing any commercial accounts, however, when she did do them, she received lower percentage commissions (25%) while the other line producer, Jay Ashworth, received higher commissions (40%).

11.   Plaintiff did not receive a car allowance during most of her first year while other line producers, Jay Ashworth and Mike Detta, a life line producer, received automobile allowance of up to three hundred and fifty dollars ($350.00) each at the

start of their employment on top of their pay. When plaintiff was finally offered automobile allowance, it was originally for one hundred and fifty dollars ($150.00), less then what the other line producers received, finally three hundred and fifty ($350.00) was granted however, a two hundred and sixty two dollars ($262.00) amount was subtracted from her pay.

12. When plaintiff began working with defendant, her office was not equipped with chairs to seat visiting clients.

13. On or about November 1998, Jay Ashworth was hired on as a second personal line producer. Mr. Ashworth had limited sales experience and was not licensed to sell life insurance.

14. Jay Ashworth was immediately provided with a fully furnished office and a three hundred and fifty dollar ($350.00) automobile allowance.

15. When it became apparent that Mr. Ashworth was being treated differently, plaintiff went to Don Hosier, the supervisor of the commercial lines, who was in charge when Steve Montgomery, the plaintiff's immediate supervisor was not available. Plaintiff told Mr. Hosier about the differences in treatment between her and Mr. Ashworth, and that she felt she was being discriminated against on the basis of sex.

16. After plaintiff complained about this problem many times and only after plaintiff stated that she felt as if she was discriminated against on the basis of sex were chairs furnished to her office.

17. On or about July 1999, plaintiff was given a lead by Don Hosier after Mr. Ashworth had failed to take action on it for

over two weeks.

    A.    The customer was an official at First Keystone Bank, a firm associated with Montgomery Insurance Company. The customer complained about the long wait which was the reason plaintiff was given the case.

    B.    The plaintiff immediately contacted the customer and promised a quote within two days.

    C.    The customer called back before the two days had elapsed and spoke to Steve Montgomery, who, in turn, berated plaintiff and informed her that the company now had an expected two day turn around time on all quotes.

    D.    Mr. Montgomery refused to listen when the plaintiff explained that she was getting back to the customer within her self imposed limit of two days.

    E.    Mr. Montgomery further refused to place any blame on Jay Ashworth who had precipitated the prospective customers annoyance, and was also not given the two day turn around restriction on customer quotes.

    F.    The plaintiff informed Mr. Montgomery that she felt she was being treated differently from Mr. Ashworth.

18.    In August of 1999, plaintiff was scheduled to take a vacation. Mr. Hosier demanded that both plaintiff and Mr. Ashworth compile a list of prospects and their status in terms of contact and stage of sale. The lists demonstrated that:

    A.    Plaintiff had 42 accounts listed, all with call backs noted and/or quotes.

    B.    Mr. Ashworth had 38 accounts listed with 18 listed

as "to be quoted."

19. While on vacation, plaintiff was ordered by Steve Montgomery to call in. She complied with that request.

20. On or about September 13, 1999, plaintiff was fired from her position with no reasonable explanation given.

21. Jay Ashworth, a producer with less experience and tenure and poorer work performance still works at Montgomery Insurance Company, Inc.

### COUNT I

### DISCRIMINATION ON THE BASIS OF SEX

22. Plaintiff, Kristen M. Leonard, incorporates by reference all of the allegations contained in paragraphs 1 through 21 as fully as though the same were herein set forth at length.

23. Defendant has discriminated against plaintiff in violation of 42 U.S.C. Sec. 2000 et seq. ("Title VII"), on the basis of her sex.

24. Defendant has terminated the plaintiff in violation of 42 U.S.C. Sec. 2000 et seq. ("Title VII"), on the basis of her sex.

**WHEREFORE**, Plaintiff requests declaratory, equitable and injunctive relief be ordered by this Honorable Court for:

(a) declaration of the illegal conduct of the Defendant;
(b) front pay in the full value of lost wages and benefits, with interest;
(c) any other lost compensation.
(d) compensatory and punitive damages in an amount greater

       than $100,000.00;

(e)   reasonable attorney's fees and costs; and

(g)   such other relief as the Court finds appropriate.

## COUNT II

## RETALIATION

25. Plaintiff, Kristen M. Leonard, incorporates by reference all of the allegations contained in paragraphs 1 through 24 as fully as though the same were here in set forth at length.

26. Defendant unlawfully terminated the plaintiff in violation of 42 U.S.C. Sec 2000 et seq. ("Title VII") as retaliatory action for her opposition towards her treatment on the basis of sex.

**WHEREFORE**, Plaintiff requests declaratory, equitable and injunctive relief be ordered by this Honorable Court for:

(a)   declaration of the illegal conduct of the Defendant;

(b)   front pay in the full value of lost wages and benefits, with interest;

(c)   any other lost compensation.

(d)   compensatory and punitive damages in an amount greater than $100,000.00;

(e)   reasonable attorney's fees and costs; and

(g)   such other relief as the Court finds appropriate.

## DEMAND FOR JURY TRIAL

27. Plaintiff demands a trial by jury.

By:_____

```
                                        William L. McLaughlin, Jr.
Date: _____
```

## VERIFICATION

I verify that the facts set forth in the foregoing Complaint are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. Sec. 4904 relating to unsworn falsifications to authorities, and under penalty of perjury.

```
Date: _____           _____
                                Kristen M. Leonard
```