William L. McLaughlin, Jr., Esq.    Attorney for Plaintiff
Attorney I.D. No. 48307
**William L. McLaughlin Law Offices**
23 South Valley Road
P.O. Box 494
Paoli, PA 19301
(610)644-4545

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KRISTEN M. LEONARD : | CIVIL ACTION |
|     Plaintiff, : | |
| : | No. 02-CV-4156 |
|     v. : | |
| MONTGOMERY INSURANCE SERVICES, INC.: | |
|     Defendant. : | |

**MEMORANDUM OF LAW OF PLAINTIFF, KRISTEN M. LEONARD
IN OPPOSITION TO DEFENDANT MONTGOMERY INSURANCE
SERVICES, INC.'S PARTIAL MOTION TO DISMISS COMPLAINT
PURSUANT TO FED.R.CIV.P.12(b)(6)**

I.    **REVIEW OF COMPLAINT**

    For the purposes of the motion to dismiss, the only facts necessary to consider in deciding a 12(b)(6) motion to dismiss are contained in the complaint and in the Exhibits to the defendant's memorandum of law in support of the motion. For the purposes of replying to the motion, it is admitted that the filing date of the Administrative Charge is on or about July 7, 2000 as indicated in the date stamp from the EEOC. (The rather unhelpful stamp might be pointing to July 6, but for this motion it makes no difference.) The later date stamp on the EEOC "Charge of Discrimination" was the result of the EEOC not having their own form verified. The verification was executed on

February 2, 2002, before the right to sue letter was issued. The PHRC complaint form was verified and filed with the EEOC in July of 2000. The complaint form was also filed with the PHRC, even though it was clear that the limitation period for the state claims had long since passed. The PHRC returned the complaint filed with them without assigning a number.

For the reasons stated below, the defendant's entire motion should be denied.

## II.  ARGUMENT

### A.  Legal Standard

The defendant cites many cases except the ones that matter the most. The Supreme Court has made it abundantly clear that it is improper to dismiss a case because the factual allegations in the complaint fail to make out some element of the claim.

Fact pleading is not a requirement of Fed.R.Civ.P.8. Conley v. Gibson, 355 U.S. 41, 2 L.Ed.2d 80, 78 S.Ct. 99 (1957)(The rules do not require a claimant to set out in detail the facts upon which he bases his claim.) This requirement does not change regardless of the type of claim raised. Charlene Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, et al., 507 U.S. 163, 122 L.Ed.2d 517, 113 S.Ct. 1160 (1993) (No heightened pleading requirement in civil rights cases.) In the employment discrimination law context, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 995 (2002) held that Rule 8 "notice pleading" was sufficient to put the defendant on notice and that the facts to establish the prima facie case are to be shown in discovery. The Court held:

> "This case presents the question whether a complaint in an employment discrimination lawsuit must contain specific facts establishing a prima facie case of discrimination under the framework set forth by this Court in McDonnell Douglas Corp. v. Green, 411 U.S. 972, 36 L.Ed.2d 668, 93 S.Ct. 1817 (1973). We hold that an employment discrimination complaint need not include such facts and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Fed.R.Civ.P.8(a)(2)."

Ms. Leonard has done just that. There is a short and plain statement in her complaint that she is seeking relief for discrimination. In the fact portion of the complaint, she outlines some events that set forth circumstances that inform the defendant of the nature of the claim. Nowhere does the fact statement infer or imply that these are all the facts, or all the theories that will be relied upon to make out the claim of discrimination. The facts stated merely put the defendant on notice of some circumstances concerning the claim, which is all that is required under Rule 8. Apparently, notice was adequate since the defendant is now motioning to dismiss based on law that depends on knowing the possible claims that might be raised in litigation.

The motion to dismiss relies on National Railroad Passenger Corporation v. Morgan, 122 S.Ct. 2061 (2002), a recent Supreme Court ruling that limits the so called continuing violation theory to cases involving a "hostile work environment". The defendant presumes to know exactly what will be disclosed in discovery when they conclude that National Railroad controls

because Leonard is only complaining about discrete incidents. How do they know what will be disclosed in discovery? This case was precluded by an EEOC filing that <u>did not result in an actual investigation</u>. Therefore, what they know about this case is in the administrative complaint and the federal complaint. Neither complaint is comprehensive, nor are they required to be. Therefore, it is impossible to motion to dismiss anything before adequate discovery.

**B.   Any claims of plaintiff predicated upon alleged discriminatory conduct which took place prior to September 10, 1999 cannot be dismissed until such time as the Court can determine if a hostile work environment existed thereby allowing the plaintiff to recover damages for employer actions that predated September 10, 1999 under a continuing violation theory.**

The defendant predictably has decided from the face of the complaint that it can be conclusively found that all the described occurrences, are "discrete" events and not part of an ongoing "hostile work environment". Of course, this is impossible with the case in its current posture. Reading the complaint, it is clearly possible that additional facts will emerge during discovery that would allow a reasonable fact-finder to conclude that Ms. Leonard was subject to a hostile work environment by considering the factors mentioned in <u>National Railroad</u>. She could show that "...the workplace [is] permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of ... employment and create an abusive working environment.'" <u>Harris v. Forklift Systems, Inc.</u>, 510 U.S. 17,21, 126 L.Ed.2d 295, 114 S.Ct. 367 (1993). If this finding holds up, then the entire

argument that the plaintiff cannot seek damages for acts occurring before the 300 day lookback is incorrect as a matter of law.  If, on the other hand, in a motion for summary judgment, for example, the Court finds that there is no such hostile work environment claim, then damages for the prior acts would properly be eliminated from the plaintiff's case.  This would not be equivalent to a motion <u>in limine</u>, however, since the <u>National Railroad</u> majority has explained that such prior acts can be used as "background" to the discrete act that forms the basis of the discrimination charge.  <u>National Railroad</u> at S.Ct. 2072 ("Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim.")  In this case, Ms. Leonard was discharged on September 13, 1999 which is within the 300 day limit.  How that event relates to damages and evidence is not something that should or needs to be decided in a motion to dismiss, and respectfully the defendant's motion should be denied.

    **C.  Plaintiff has not failed to exhaust her administrative remedies with regard to her retaliation claim.**

The key fact that distinguishes this case from much of the analysis that the defendant offers to support the proposition that the retaliation claim was not raised or exhausted is that there was no investigation conducted by the respective administrative agency.  For example, the defendant cites <u>Watson v. SEPTA</u>, 1997 U.S. Dist. LEXIS 13306 (E.D. Pa. August 28, 1997) for the proposition that not mentioning the words "retaliation" in the complaint forecloses judicial remedy. (Defendant's

Memorandum at Page 7)  Putting aside for the moment that facts in that case can be distinguished from Ms. Leonard's case, the Court in Watson states that the claims of retaliation are no more "arising out of the EEOC investigation" than those rejected in Antol v. Perry, 82 F.3d 1291, 1295 (3d Dir. 1966).  The Antol case had an investigation, and the discussion in that case made it clear that not only was there no mention of gender discrimination, but that the actual investigation did not raise the issue either.  Therefore, the issue was not part of the administrative process and thus not permitted to go forward in federal court.

However, it is very common that an EEOC complaint never results in an actual investigation, and the courts have adopted a rule to cover this circumstance.  As recently explained and summarized by Judge Van Antwerpin in Zysk v. FFE Minerals USA Inc., 2001 U.S.Dist. LEXIS 20914:

> "In its seminal opinion dealing with the proper scope of complaints arising from inadequate EEOC charges, the Fifth Circuit permitted a plaintiff to proceed with her complaint based on national origin discrimination despite the fact that her EEOC charge only alleged sex-based discrimination. Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970).  The Court observed, "Mindful of the remedial and humanitarian underpinnings of Title VII and of the crucial role played by the private litigant in the statutory scheme, courts construing Title VII have been extremely reluctant to allow procedural technicalities to bar claims brought under the Act charges." Id. at 460-461.  Consistent with this thinking, the Sanchez court held that "the civil action is much more intimately related to the EEOC investigation than to the words of the charge which originally triggered the investigation." Id. at 466. "In other words," the Fifth Circuit explained, "the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id.  Thus,

the court permitted Sanchez to proceed on a previously unstated basis of discrimination because it found that the facts alleged in their EEOC charge <u>might have led the agency to discover during the course of its investigation the type of discrimination she subsequently alleged in their complaint. Id.</u>" (emphasis added)

With this concept closely in mind, it is easy to distinguish between holdings that deal with actual investigations and what subjects they covered compared with those cases that had no substantive investigation and one must project on where an investigation could go. Furthermore, such projection is not limited by the "... often inartful allegations contained in the factual statement of the EEOC charge." <u>Bernstein v. National Liberty International Corp.</u>, 407 F.Supp. 709, 713 (E.D. Pa. 1976); <u>Black Grievance Committee v. Philadelphia Elec. Co.</u>, 79 F.R.D. 98, 114 (E.D. Pa. 1978). The administrative exhaustion requirement is tempered by a fairly liberal construction given to EEOC charges. <u>Polay v. West Co.</u>, 629 F.Supp. 899, 901 (E.D. Pa. 1986). The failure to check a particular box on an EEOC charge is not necessarily indicative of a failure to exhaust the mandatory administrative remedies. <u>Doe v. Kohn Nast & Graf, P.C.</u>, 866 F.Supp. 190, 196 (E.D. Pa. 1994)("'We decline to hold that the failure to place a check mark in the correct box is a fatal error. In the context of Title VII, no one ... should be boxed out.'")(quoting <u>Sanchez, Supra.</u>); <u>Schouten v. CSX Transportation, Inc.</u>,

58 F.Supp. 2d 614 (E.D. Pa. 1999, Reed, J.)(Checking box for retaliation not dispositive to determine exhaustion)

In this case, the retaliation block was not marked but the following statements were made:

* "I complained about this problem many times and only after I said I felt like I was being discriminated against were chairs produced."

* "I was fired..." (Defendant's Memorandum at Exhibit B)

This is sufficient to lead an investigation down the path of retaliation. The fact pattern is very similar to <u>Mullen v. Toppers's Salon and Health Spa, Inc.</u>, 99 F.Supp. 2d 553, 83 Fair Empl. Prac. Cas. (BNA) 456. In that case, the defendant moved to dismiss the retaliation claims because they were not included in plaintiff's EEOC charge. Judge Ludwig found that:
"[T]he charge states: 'Ms. Smith [defendant's Personnel Director] ... referred me to Karen Loreman, Spa Director. I spoke to Ms. Loreman on April 30, 1998 and at that time, she informed me that my employment was terminated.' Def.'s motion at ex. B. Here again, plaintiff did not mark the box labeled 'retaliation' as the cause of discrimination she alleged to have suffered. However, it is not necessary for a complaint to mirror an EEOC charge; it must only be 'within the scope' of the charge. That the 'retaliation' box was not checked does not itself preclude plaintiff's claim. The facts stated in the charge are ample and specific enough to put the EEOC and defendant on notice that plaintiff claimed to have been retaliated against for complaining about the harassment. The failure to exhaust argument is therefore rejected."

It is respectfully suggested that this Court follow the well reasoned path taken by the <u>Mullen</u> Court where the fact pattern is

so close (the only difference being that Ms. Leonard actually mentions discrimination and Ms. Mullen apparently did not) and reject following the Watson case cited by the defendant. In that case, Judge Shapiro noted that the charge in that case stated "On September 19, 1994, because I experienced pain in performing the newly assigned job, I complained. After having complained, I wasforced [sic] to take a drug test." Clearly, there was no mention of a complaint about discrimination in the Watson charges as there was in Ms. Leonard's charges. Applying the Sanchez principles, the scope of a potential investigation would have explored the possible connection between complaining about discriminatory conduct and a subsequent firing.

**D.   Fed.R.Civ.P.8 does not require plaintiff to allege facts to support a Title VII claim for punitive damages.**

For the very same argument as made above in section A. and B., the defendant's motion to dismiss a claim for punitive damage must fail. The defendant states "There are no allegations in this case that rise to the level of intentional discrimination required for punitive damages ...". (Defendant's Memorandum of Law at p. 8) There is not one citation to support the idea that there needs to be a specific factual allegation to support punitive damages in order to withstand a motion to dismiss a punitive damages claim, for obvious reasons. Only in instances where, as a matter of law, punitive damages were not available under a statute, have such claims been dismissed. The defendant is basically reiterating the specious presumption that Rule 8 requires the pleading of specific facts or elements of any claim

that is noticed by the complaint. The standards for punitive damages in Kolstad v. American Dental Association, 527 U.S. 526, 530 (1999) are identical to the element of a prima facie case in McDonnell Douglas in this respect. Therefore, the holding in Swierkiewicz v. Sorema N.A., supra. controls, and respectfully, the Court must deny the defendant's motion on this point.

### III. CONCLUSION

For the foregoing reasons, Plaintiff Kristen M. Leonard respectfully requests this Honorable Court to deny Defendant's Motion to Dismiss Count I of plaintiff's Complaint as to any claims predicated upon alleged discriminatory conduct which took place prior to September 10, 1999 as premature, and not subject to dismissal for failure to state sufficient facts, the defendant being clearly on notice of the claims against them; to deny dismissal of Count II of plaintiff's Complaint because the record does not support a finding that the reasonable scope of an investigation into the plaintiff's complaint would not have explored evidence of retaliatory conduct by the employer; and to deny dismissal of plaintiff's request for punitive damages since the imposition of punitive damages under Title VII depends on facts that may be disclosed or uncovered during discovery or trial.

```
                                        By:_____
                                           William L. McLaughlin, Jr.
Date: _____
```